# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETHREN MUTUAL INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:13-CV-1880 |
| v. | (JUDGE CAPUTO) |
| MARK P. LOUGHNEY and CORY MILES, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a Complaint by Plaintiff Brethren Mutual Insurance Company. (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff filed this action on July 10, 2013. Plaintiff alleges that the Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff alleges that it "is an insurance company authorized to do business in Pennsylvania with a principal place of business at 149 North Edgewood Drive, Hagerstown, Maryland 21740-6599." (Doc. 1 at ¶ 1.) Plaintiff also alleges that Defendant Mark Loughney "is an adult individual who is incarcerated in the Pennsylvania Corrections System, but whose last known home address was reportedly 1615 Electric Street, Dunmore, Pennsylvania 18512." (*Id.* at ¶ 2.) Plaintiff further alleges that Defendant Cory Miles "is an adult individual who resides at 911 Meade Street, Dunmore, Pennsylvania 18509." (*Id.* at ¶ 3.)

## II. Analysis

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the

matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### A. Defendants

In this case, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges Defendants' citizenship. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." *McCracken v. Murphy*, 328 F. Supp. 2d 530, 532 (E.D. Pa. 2004) (citations omitted). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person

may has only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent the Complaint alleges that Defendant Cory Miles is a resident of Pennsylvania, this is not sufficient. In addition, to the extent the Complaint alleges that Defendant Mark Loughney reportedly resided in Pennsylvania prior to his incarceration, this too is insufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiff must allege Defendants' states of citizenship, not merely of residence. As the Complaint does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

### B. Plaintiff

The Complaint also fails to properly allege Plaintiff's citizenship. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center": the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Here, Plaintiff is only alleged to be "authorized to do business in Pennsylvania" and to have "a principal place of business" in Maryland. (Doc. 1 at ¶ 1.) To properly plead the

3

citizenship of this corporation, Plaintiff must allege its principal place of business and state of incorporation.[1] As the Complaint contains none of these facts, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Plaintiff will be given twenty-one (21) days in which to file a newly-amended complaint consistent with this memorandum. Failure to do so will result in this action being dismissed. An appropriate order follows.


July 12, 2013                                               /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                            United States District Judge

---

[1] The Court's analysis assumes that Plaintiff is a corporation, but the Complaint is devoid of guidance as to what type of business entity organization Plaintiff is. The facts that Plaintiff must allege to establish its citizenship will depend upon that classification.