**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRETHREN MUTUAL INSURANCE COMPANY, | CIVIL ACTION NO. 13-CV-1880 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| MARK P. LOUGHNEY and COREY MILES, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Plaintiff Brethren Mutual Insurance Company's ("Brethren") Motion for Summary Judgment (Doc. 12) on its declaratory judgment complaint (Doc. 5). Brethren, an insurance company, seeks a declaration that it is not liable for the bodily injury claims of Corey Miles arising from the actions of Mark Loughney on July 15, 2012. Because Mr. Miles' injuries were not the result of accidental conduct on Mr. Loughney's part, even if Mr. Loughney may not have specifically intended to harm Mr. Miles, the insurance policy issued by Brethren does not cover Mr. Miles' claims against Mr. Loughney, and Brethren's Motion for Summary Judgment (Doc. 12) will be *granted.*

## **I. Background**

### **A. Factual Background**

Plaintiff Brethren Mutual Insurance Company is a corporation. (Doc. 5, ¶ 1.) Defendant Mark Loughney is an adult individual who was incarcerated at the time the complaint was filed, but whose permanent address is 1615 Electric Street, in Dunmore, Pennsylvania ("Dunmore"). (*Id.,* ¶ 2.) Defendant Corey Miles is an adult individual who resides in Dunmore. (*Id.,* ¶ 3.)

Prior to July 15, 2012, Corey Miles and Mark Loughney had shared one brief interaction. (*Miles Dep.* 18:9-16, March 27, 2014.) On the night of July 15, 2012, Defendant Miles was at 1611 Electric Street, Dunmore, as a guest. (Doc. 13, ¶ 2; Doc. 16, ¶ 5.) An argument and physical dispute occurred between Mr. Loughney and occupants of 1611

Electric Street, not including Mr. Miles. (Doc. 13, ¶¶ 13-16.) At some point that night, Defendant Loughney brought a container of gasoline to 1611 Electric Street, and poured gasoline throughout the property. (Doc. 13, ¶ 28; Doc. 16, ¶ 7.) He then lit a match or lighter, and ignited a fire. (*Id.*) As a result, Corey Miles' legs caught on fire and were badly burned. (Doc. 13, ¶ 9; Doc. 16, ¶ 7.)

Brethren had issued an insurance policy to Patrick and Donna Loughney, the parents of Defendant Mark Loughney, which was in effect from April 4, 2012, through April 4, 2013. (Doc. 1, ¶ 4). A copy of the policy is attached to the Complaint as Exhibit A (Doc. 5-1).

Corey Miles is pursuing or intends to pursue a personal injury claim against Mark Loughney. A claim was presented to Brethren for compensation of personal injuries sustained by Mr. Miles as a result of the fire. (Doc. 13, ¶ 57.) Mr. Miles asserts that he was injured as the result of a covered occurrence under the Homeowner's Policy and so is entitled to be compensated by Brethren for his injuries. (*Id.,* ¶ 59.) Brethren seeks a declaration that its policy issued to the Loughney family does not cover the claims that Defendant Miles brings against Defendant Loughney.

The policy provides coverage for an "occurrence," which is defined in the policy as:

[a]n accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
    a. "Bodily injury"; or
    b. "Property damage".

(Doc. 5-1, 10.) The policy contains an exclusion in its coverage for "Expected or Intended Injury," which Brethren asserts applies here. (Doc. 13, ¶ 61.) This exclusion states:

E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others
Coverages E and F do not apply to the following:
1. Expected Or Intended Injury
"Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage":
    a. Is of a different kind, quality or degree than initially expected or intended; or
    b. Is sustained by a different person, entity, real or personal property, than initially expected or intended.

(Doc. 5-1, 26.)

**B. Procedural Background**

Based on the foregoing, Plaintiff Brethren filed a Complaint on July 10, 2013 (Doc. 1), which it amended on July 12, 2013 (Doc. 5). Brethren seeks a declaration that it is not liable for coverage for the bodily injury claim of Corey Miles arising from the actions of Mark Loughney on the night of July 12, 2012.

On August 12, 2013, Defendant Corey Miles filed an Answer to this Complaint (Doc. 10). Discovery commenced thereafter.

On March 30, 2015, Brethren filed a Motion for Summary Judgment (Doc. 12) as well as a Statement of Facts (Doc. 13), a Brief in Support (Doc. 14), and an Appendix with supporting exhibits (Doc. 15). On April 20, 2015, Defendant Corey Miles files a Statement of Facts in response (Doc. 16), with attached exhibits. Thus, this motion is fully briefed and ripe for disposition.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the

3

initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the Complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a Summary Judgment Motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**III. Discussion**

Plaintiff Brethren requests summary judgment in its favor in the form of a declaratory judgment that it is not liable to pay for the injuries sustained by Defendant Corey Miles as a result of the fire at 1611 Electric Street started by Defendant Mark Loughney. Brethren asserts that the actions of Mark Loughney on July 15, 2012 do not give rise to a covered occurrence under the Brethren Homeowners Insurance Policy issued to Defendant Loughney's parents. It asserts that the coverage for Corey Miles' bodily injury claim is excluded under the expected or intended injury exclusion in the Brethren policy. Brethren argues that summary judgment in its favor is warranted because a claim arising from an intentional act by a covered person (in this case, Loughney) cannot constitute an occurrence as defined in its policies.

Defendant Miles asserts that Loughney's actions the night of July 15, 2012, did not constitute an "intentional act," and also do not fall under the exception outlined in section E for "expected or intended injury":

> E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others
> Coverages E and F do not apply to the following:
> 1. Expected Or Intended Injury
> "Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage":
> > a. Is of a different kind, quality or degree than initially expected or intended; or
> > b. Is sustained by a different person, entity, real or personal property, than initially expected or intended.

Defendant Miles asserts that Loughney did not intend to injure him or anyone as a result of his conduct on the night at issue, rather, he just intended to "scare" them. Defendant Miles contends that Loughney "is responsible for his conduct through acts of recklessness and negligence." (Doc. 10, 3.) Thus, the question is whether Defendant Loughney's actions and Defendant Miles' resulting injuries were expected or intended, or were an accident.

Even viewing the record and the facts in a light most favorable to the non-moving parties, and resolving all inferences in their favor, Defendant Loughney's actions constituted intentional acts, and even if they did not, his conduct falls under the exclusion as outlined in "E". Thus, Brethren is not liable to Defendant Miles for his injuries sustained as a result

5

of Mr. Loughney's conduct.

Under Pennsylvania law, in determining whether a party's injuries resulted from an accident as covered by an insurance policy, a court must view the facts from the perspective of the insured party. *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009). Thus, I view Mr. Miles' injuries from the perspective of Mr. Miles. The Court of Appeals for the Third Circuit relies upon the definition of an "accident" set out by the Pennsylvania Supreme Court:

> An accident, simply stated, is merely an unanticipated event; it is something which occurs not as the result of natural routine but as the culmination of forces working without design, coordination or plan. And the more disorganized the forces, the more confusedly they operate, the more indiscriminately haphazard the clash and intermingling, the more perfect is the resulting accident.

*State Farm*, 589 F.3d at 111 (citing *Brenneman v. St. Paul Fire & Marine Ins. Co.*, 411 Pa. 409, 192 A.2d 745, 747 (1963)). The fire that resulted when Defendant Loughney poured gasoline around the property at 1611 and lit it on fire cannot be construed as "the culmination of forces working without design, coordination or plan."

Furthermore, "[i]n Pennsylvania, as elsewhere, insurance is not available for losses that the policyholder knows of, planned, intended, or is aware are substantially certain to occur." *State Farm*, 589 F.3d 112 (internal quotation marks and citations omitted). A large fire and resulting injuries to the occupants of 1611 Electric Street was an extremely foreseeable and likely result of Defendant Loughney's actions. Defendant Loughney testified in a deposition that he was angry at the occupants of 1611 Electric Street, and wanted to make sure that he did not have problems with them going forward. (*Loughney Dep.*, 22:23-23:2.) While he stated that he set the house on fire not to harm them, but to scare them, harm is an expected outcome of pouring large amounts of gasoline throughout a home and lighting that gasoline on fire.

Much of Defendant Miles' argument that his injuries were not the result of an intentional act centers on the idea that Loughney sought to harm other occupants of 1611 Electric Street, not Mr. Miles. However, policy exclusion "E" covers instances where the

6

injury "b. Is sustained by a different person, entity, real or personal property, than initially expected or intended." Thus, this argument does not apply.

Additionally, while Defendant Miles argues that Defendant Loughney did not contemplate or intend the specific degree or kind of damage he caused Defendant Miles to suffer, the exclusion covers bodily injury "which is expected or intended by an 'insured' even if the resulting 'bodily injury' or 'property damage': a. Is of a different kind, quality or degree than initially expected or intended. . ." Furthermore, Defendant Miles argues that Defendant Loughney merely sought to scare the occupants of 1611 Electric Street. By pouring gasoline throughout the property and striking a match and/or lighter, Mr. Loughney intended–or at least could have expected–some sort of harm or damage. While he may not have intended damage to Mr. Miles to the degree that Mr. Miles suffered, his actions on the night of July 15, 2012 fall under the exclusion. Based on the foregoing, Brethren has established that it is entitled to judgment as a matter of law, and summary judgment is warranted.

### IV. Conclusion

For the above reasons, Plaintiff's Motion for Summary Judgment will be *granted.* An appropriate order follows.

August 5, 2015                                      /s/A. Richard Caputo
Date                                                               A. Richard Caputo
                                                                              United States District Judge